JUAN GERARDINO, Plaintiff and Appellee, *v.* FRANCISCO J., RAMONA AND CONCEPCIÓN GARCÍA-LUBIZA AND TOMÁS VÁZQUEZ, Defendants and Appellants.

No. 3215. Argued June 6, 1924.—Decided March 31, 1925.

1. CONTRACT—PURCHASE AND SALE—JUDGMENT.—In a contract for the purchase and sale of two lots it was agreed that the deed of sale should be executed directly after the termination of a certain suit involving lot No. 2, but it having been agreed later to consummate the sale of lot No. 1, the judgment was limited to that lot.

2. ID.—ID.—EVIDENCE—DEED OF SALE—NOTARY.—A notary who witnesses a deed of sale in which it is stated that the purchase price was paid in his presence may testify to the falsity of that statement.

3. ID.—ID.—ID.—ID.—WITNESSES.—The witnesses to a deed of sale may testify that they did not witness the payment of the purchase price because they signed the deed separately on the following day.

4. ID.—ID.—CONSPIRACY—DAMAGES.—The mere loss of time by the plaintiff in having to neglect his business in order to give his attention to a conspiracy of the defendants to evade the performance of a contract of sale is not an element of damages.

5. APPEAL—FINDINGS AND CONCLUSIONS.—Failure of the trial court to set out the findings of fact and conclusions of law on which the judgment is based is no ground for its reversal.

6. CONSPIRACY—COSTS.—A conspiracy by the defendants to defraud the plaintiff having been shown, the award of costs was justified.      .          ·

District Court of Ponce, R. Díaz Cintrón, J.  Judgment for the plaintiff in an action on a contract.  *Affirmed in part.*

*López de Tord* and *Zayas Pizarro* for the appellants.  *José Rosario Gelpí* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The first allegation of the appellants in support of the present appeal is that the court erred in overruling their demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action.

The action was brought by Juan J. Gerardino against two sisters and a brother named García Lubiza and against Tomás Vázquez Fagot and his wife, setting up two causes of action.  In the first it is alleged that the said brother and sisters were the owners in common of two lots described as No. 1 and No. 2; that in November of 1921 the brother sold the two lots to the plaintiff for the sum of $1,100 and the sale was ratified by the two sisters, it being agreed that the purchase price should be paid in October of 1922, deducting therefrom such sums as might be paid in advance up to that time, and that the deed of sale should be executed as soon as a certain suit pending for lot No. 2 should be decided, and in case it should be decided against the vendors a deduction would be made from the $1,100 in proportion to the number of square yards; that as a consequence of this agreement the plaintiff built several houses on lot No. 1, the buildings being worth $9,000; that in August of 1922 the brother, in his own name and for his two sisters, made a demand upon the plaintiff for the payment of the part of the purchase price corresponding to lot No. 1 and they agreed to execute the proper public deed before notary Yordán.  The notary drew up the deed, but it was not signed because the Garcías refused to sign it under certain pretexts.

From these allegations it was deduced that there was a

perfect contract for the sale of the two lots by the Garcías to Gerardino, and that although it was agreed that the deed of conveyance should not be executed until the termination of the suit pending for lot No. 2, yet by another later agreement they bound themselves to execute forthwith the deed of sale as to lot No. 1. If that is true, the plaintiff alleges facts sufficient to compel the Garcías to execute the deed of sale to lot No. 1 in his favor.

The second cause of action is bottomed on the foregoing allegations and on the additional averments that after the plaintiff had built the houses the Garcías asked him to increase the purchase price stated in the purchase and sale contract and upon his refusal to do so they combined, for the purpose of defrauding the plaintiff, with the Vázquez Fagot spouses who, knowing that the lots had been sold to the plaintiff and that he had invested a substantial amount in constructing the buildings on lot No. 1, appeared as buying the said lot for $2,100 in deed No. 85 of September 5, 1922, in order to force the plaintiff to remove or destroy the houses or sell them for less than their cost, and that the said malicious and fraudulent acts had caused him actual damages in that he found himself with considerable capital invested in property subject to judicial contingencies, estimating the amount of such damages at $3,000. He also prayed that the defendants be cast in punitive and exemplary damages in the sum of $2,000.

If it is true that the Vázquez Fagot spouses knew that the said lot had been sold to the plaintiff; that they combined with the Garcías in the execution of the said deed with the intent to defraud the plaintiff in connection with the houses built by him on that lot, and that this has caused him damages, the plaintiff has stated facts sufficient to pray for the annulment of the sale to the Vázquez Fagot spouses and for recovery from the defendants of the damages that such conduct may have caused him.

All of the defendants answered and after a trial judgment was rendered sustaining the complaint as to defendant Francisco García Lubiza and dismissing it as to the other defendants; declaring null and void the deed executed on September 5, 1922, before notary Castillo, whereby the brother and sisters García Lubiza sold lot No. 1 to the Vázquez Fagot spouses, its nullity being limited exclusively to the condominium of Francisco García; ordering the latter to convey his condominium to the plaintiff; declaring null and void the records made in the registry of property concerning such condominium, and adjudging that Francisco García Lubiza pay to the plaintiff the sum of $2,000 as damages and the costs. From that judgment Francisco García Lubiza and the Vázquez Fagot spouses appealed.

Although the trial court made no express pronouncement in its judgment against the Vázquez Fagot spouses, the nullity of the purchase of the condominium of Francisco García Lubiza is a tacit pronouncement against them, inasmuch as it is declared that the sale of that condominium is null and void and ordered that the record in the registry of property be canceled and that García convey the condominium to the plaintiff; therefore, the said pronouncements affect the Vázquez Fagot spouses and they so understood when they appealed from the judgment as prejudicial to their interests, so they can not maintain that the judgment is not against them and absolves them because of the fact that it declares that the complaint is sustained as to Francisco García and dismissed as to the other defendants. Undoubtedly the judgment should have been drawn with more care so as not to give place to doubts as to the extent of its pronouncements or to attack on the ground of doubtfulness.

[1] The court did not err, as assigned, in making reference to only one of the lots, for the theory of the complaint and of the evidence was that although Gerardino purchased the two lots in November of 1921, agreeing to

pay the amount that he had not advanced upon the termination of the suit for lot No. 2, yet in August of the following year the vendors and the vendee agreed to consummate at once the sale of lot No. 1 and execute the corresponding deed which was drawn but not signed by the vendors; therefore the judgment could refer only to that lot.

Another error is assigned in weighing the evidence which the appellants contend, does not show that the Garcías made a contract of sale with the plaintiff.

[2, 3] This assignment is without merit, for the evidence is overwhelming to the effect that Gerardino purchased the two lots for a fixed sum from Francisco García, who was acting for himself and with the knowledge and consent of his sisters Ramona and Concepción, although the execution of the deed of sale was deferred until the final decision of a suit pending over one of the lots; that thereafter it was agreed to execute forthwith the deed to lot No. 1, and that there was a conspiracy between the Garcías and Tomás Vázquez Fagot for the purpose of obtaining from Gerardino, after he had built the houses on that lot, a larger sum than that agreed upon, so that if the judgment had declared the nullity of the sale made to Vázquez of the condominiums of Ramona and Concepción García we should have found that declaration justified. Not only was the oral evidence abundant and convincing against all of the defendants, but there was also documentary evidence, for on May 2, 1922, Francisco García signed a document acknowledging receipt from Gerardino of a check for $200 on account of the $1,100, the purchase price of the two lots sold to the latter, and he cashed that check and another for $4.56 given to him by Gerardino for paying the taxes on the said lots.

It also appears that although in the deed of sale from the Garcías to Vázquez it is said that Vázquez paid the $2,100 in the presence of notary Castillo and the witnesses,

the notary testified that this was not true because no money was paid in his presence, and the witnesses testified that they saw no such payment, because they were not present when the parties signed the deed, but signed it separately on the following day.

[4] However, the proof as to the damages sustained by the plaintiff as a result of the acts of the defendants is insufficient to support a recovery of $2,000, inasmuch as the only evidence on that point, the testimony of Juan J. Gerardino, can not serve as a basis for such recovery, he merely testifying that his damages consisted in the loss of time in having to neglect his business in order to attend to this matter.

[5] The appellants also allege as a ground for reversal that the court did not set out the findings and conclusions in support of its judgment, but as the circumstances of this case are similar to those in the case of *G. Arbona & Co.* v. *Ortiz et al.,* 32 P.R.R. 283, that omission is no ground for a reversal of the judgment.

[6] The award of costs against Francisco García Lubiza is justified by the facts which brought about this action and, therefore, is not erroneous. Nor was it error to admit in evidence the document of May 2, 1922, wherein Francisco García acknowledged having sold the two lots to Gerardino, for although the former attacked his signature thereto as a forgery, the court had before it evidence sufficient to show that the signature was that of García.

For the reasons stated the judgment appealed from must be affirmed, with the explanation that the deed declared null and void is not deed No. 1, but deed No. 85 of September 5, 1922, executed before notary Castillo, and that the conveyance of the condominium of Francisco García Lubiza to Juan J. Gerardino should be made for one-third of the $800 corresponding to lot No. 1, and reversed as to the recovery by the plaintiff from Francisco García Lubiza of the sum of $2,000 as damages.